Robert Chalfant (State Bar No. 203051)
LAW OFFICE OF ROBERT CHALFANT
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone: (916) 647-7728
Facsimile: (916) 930-6093
Email: robert@rchalfant.com

Attorney for Plaintiff
CARLOS DAVID GUTIERREZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DAVID GUTIERREZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, OFFICER JONATHON NANGLE (385), OFFICER MICHAEL CASE (667), OFFICER COREY STACKHOUSE (1033) and DOES 1 to 5,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## I.　　INTRODUCTION

This action arises from the wrongful detention, search and seizure of Plaintiff CARLOS DAVID GUTIERREZ by Sacramento Police Gang Enforcement Officers JONATHON NANGLE, MICHAEL CASE and COREY STACKHOUSE.

## II.　　JURISDICTION & VENUE

1.　　This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Gutierrez v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are located in the Eastern District of California and because the acts and/or omissions stated herein occurred in the Eastern District of California.

### III.     EXHAUSTION

3. Mr. GUTIERREZ submitted a timely government claim to the CITY OF SACRAMENTO regarding the claims alleged in this action on April 14, 2022. Mr. GUTIERREZ's tort claim was rejected in writing on April 26, 2022.

### IV.     PARTIES

4. Plaintiff CARLOS DAVID GUTIERREZ is a resident of the County of Sacramento, California and a citizen of the United States.

5. Defendant CITY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant CITY OF SACRAMENTO was, at all times mentioned herein, responsible for the actions or inactions of its employees and the policies, procedures and practices/customs of the Sacramento Police Department.

6. Defendant JONATHON NANGLE (Badge No. 385) is, and at all times material herein was, a law enforcement officer employed by Defendant CITY OF SACRAMENTO and the Sacramento Police Department, acting within the scope and course of his employment. Defendant JONATHON NANGLE is sued in his individual capacity.

7. Defendant MICHAEL CASE (Badge No. 667) is, and at all times material herein was, a law enforcement officer employed by Defendant CITY OF SACRAMENTO and the Sacramento Police Department, acting within the course and scope of his employment. Defendant MICHAEL CASE is sued in his individual capacity.

8. Defendant COREY STACKHOUSE (Badge No. 1033) is, and at all times material herein was, a law enforcement officer employed by Defendant CITY OF SACRAMENTO and the Sacramento Police Department, acting within the course and scope of his employment. Defendant COREY STACKHOUSE is sued in his individual capacity.

9. Defendant DOES 1 to 5 are and/or were agents or employees of Defendant CITY OF SACRAMENTO and/or the Sacramento Police Department, acting within the scope of that employment

2

COMPLAINT; DEMAND FOR JURY TRIAL
*Gutierrez v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

and under color of state law. Defendant DOES 1 to 5 true and correct names and identities are not currently known. Defendant DOES 1 to 5 are sued by their fictitious names and true and correct names and identities will be substituted when ascertained.

### V.     GENERAL ALLEGATIONS

10. At all times relevant herein, all wrongful and unlawful acts described herein were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

11. On or about November 16, 2021, around 3:20 p.m., Sacramento Police Gang Enforcement Officers NANGLE, CASE, and STACKHOUSE were on patrol in an unmarked car in the area of Franklin Boulevard and 24th Avenue in the City of Sacramento.

12. Officers NANGLE, CASE, and STACKHOUSE were traveling southbound on Franklin Boulevard and observed a Silver Nissan traveling Northbound on Franklin passing 24th Avenue.

13. The Gang Enforcement Officers grew suspicious because the occupants were Hispanic or Latinx, the female driver had "red dyed hair" and the front passenger had his seat partially reclined. The officers did not observe the vehicle commit any traffic violations and did not have any suspicion that its occupants had committed any crimes.

14. The Nissan pulled into a window tinting business at 4713 Franklin Boulevard and parked. After the vehicle parked, the officers saw the passenger (CARLOS DAVID GUTIERREZ) exit the vehicle with his backpack and slowly walk to the entrance of the tint business and enter the building.

15. After Mr. GUTIERREZ entered the business, the officers drove their unmarked vehicle into the parking lot, parked their vehicle behind the Nissan and turned on their flashing lights. The Nissan was never subjected to a vehicle stop while being driven or while Mr. GUTIERREZ was inside of the vehicle.

16. Mr. GUTIERREZ was inside the tint shop talking to its employees when Officers NANGLE and CASE came running into the business, told him that he was being detained and forced him against his will to exit the business.

17. Officer NANGLE grabbed Mr. GUTIERREZ by the wrist using a control hold to inflict

3

COMPLAINT; DEMAND FOR JURY TRIAL
*Gutierrez v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

pain for the purpose of gaining compliance to his unlawful commands. Mr. GUTIERREZ did not consent to being touched and was in fear that he was going to be assaulted and battered by the officers. Officer NANGLE threatened that if Mr. GUTIERREZ attempted to pull-away he "would get dumped on the ground."

18. Officers NANGLE, CASE and STACKHOUSE surrounded Plaintiff and threatened to place Mr. GUTIERREZ in handcuffs if he did not give them the backpack he was wearing so that they could search it. Mr. GUTIERREZ informed the officers that he was not on probation or parole and refused to give the officers consent to search his backpack.

19. Mr. GUTIERREZ repeatedly informed Officers NANGLE, CASE and STACKHOUSE that he was not on probation or parole and that he did not consent to a search of his person or backpack. A records check by the officers showed that Mr. GUTIERREZ was not on probation or parole.

20. Officers NANGLE, CASE and STACKHOUSE forced Mr. GUTIERREZ to sit on the ground and removed Mr. GUTIERREZ's backpack from his body while threatening that he would be arrested if he did not comply. Mr. GUTIERREZ believed that he was under arrest as the officers refused to let him leave, continually threatened to handcuff him for no reason and threatened to use force against him if he did not comply.

21. Officers NANGLE, CASE and STACKHOUSE then proceeded to unlawfully search the backpack without a warrant in violation of Mr. GUTIERREZ's rights under the 4th Amendment. Officers NANGLE, CASE and STACKHOUSE knew they had no lawful authority to stop an individual in a store that was not on probation or parole and conduct a search without a warrant but did so anyway knowing they were violating the constitution.

22. After the unlawful search, Mr. GUTIERREZ was informed that he was being arrested and transported to the Sacramento County Jail for booking where he was booked and charged with several criminal offenses based upon the unlawful search.

23. An unknown Sergeant was present throughout the entire incident in the tint shop parking lot. This unidentified Sergeant personally observed the entire incident and did not intervene to stop the unlawful detention, search and arrest of Mr. GUTIERREZ, even though he had the opportunity to do so. This individual will be added to the complaint as a DOE defendant once his identity is ascertained.

4

COMPLAINT; DEMAND FOR JURY TRIAL
*Gutierrez v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

24. A study conducted by the Center for Policing Equity examined the Sacramento Police Department's traffic and non-traffic related searches of individuals between 2014 and 2019 and determined that in non-traffic stops, Latinx people were 21.5% more likely to be searched once stopped than white people. The study also found that in traffic stops, once stopped, Latinx people were 87% more likely to be searched than white people.

25. The Sacramento Police Gang Enforcement Team routinely targets minorities for searches and targeted Mr. GUTIERREZ based on their belief that he was of Hispanic or Latinx descent and must be associated with a gang or criminal activity simply based upon his ethnicity.

26. After being booked into jail, the officers filed arrest reports with the Sacramento County District Attorney so that Mr. GUTIERREZ would face prosecution based upon their unlawful detention, search and arrest.

27. Bail was set at $50,000 based upon the charge recommendations submitted by the officers. Mr. GUTIERREZ posted bond so that he could be released from jail to defend the criminal charges.

28. Mr. GUTIERREZ had no choice but to hire a criminal defense attorney which cost him $25,000.

29. Mr. GUTIERREZ's criminal defense attorney moved for dismissal of the criminal charges based upon the unlawful search and seizure of his person and that motion was granted by the court on February 1, 2022.

30. Mr. GUTIEREZ has incurred general and special damages as a result of the Sacramento Gang Task Force's unlawful ethnic profiling, detention, use of force and search and seizure. Mr. GUTIERREZ still suffers emotional and mental pain and suffering from the officer's violations of his civil rights and that will continue for the rest of his life. He no longer trusts officers to comply with federal and state laws and the oath they took to do so.

31. The Sacramento Police Department has not disciplined Officers NANGLE, CASE or STACKHOUSE for violating Mr. GUTIERREZ's civil or constitutional rights after investigating his allegations.

### VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Unreasonable Seizure/Excessive Force

### (42 U.S.C. Section 1983)

*Against Defendants NANGLE, CASE and STACKHOUSE and DOES 1-5*

32. Plaintiff CARLOS DAVID GUTIERREZ re-alleges and incorporates by reference paragraphs 1 through 31, as though fully set forth herein.

33. The actions of defendants NANGLE, CASE and STACKHOUSE alleged herein, including but not limited to detaining Mr. GUTIERREZ without reasonable suspicion that he had committed a crime as described above, conducting a warrantless search after unlawfully detaining him, and arresting him were unreasonable and without any lawful authority. This claim incorporates liability based on the theories of integral participation/failure to intervene on behalf of Officers NANGLE, CASE and STACKHOUSE. All of the officers, including the unknown Sergeant that was present, had the opportunity to intervene and stop the other officer's unlawful detention, search and arrest of Mr. GUTIERREZ but failed to do so. This claim also incorporates liability upon an excessive force theory against Officer NANGLE for applying a control hold to the wrist of Mr. GUTIERREZ for the purpose of inflicting pain. Defendants' conduct violated Mr. GUTIERREZ's rights protected by the Fourth Amendment of the United States Constitution.

34. As a direct and proximate result of said acts and/or omissions by defendants, Mr. GUTIERREZ suffered injuries and damages as alleged herein and to which Mr. GUTIERREZ is entitled to recover special damages for having to post bail and for the retention of counsel, and general damages for past and future mental and emotional distress, costs and attorneys' fees.

35. The aforementioned acts and/or omissions of said defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of Mr. GUTIERREZ, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

### SECOND CLAIM FOR RELIEF

### "Unreasonable Search"

### (42 U.S.C. Section 1983)

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Gutierrez v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

*Against Defendants NANGLE, CASE and STACKHOUSE, and DOES 1-5*

36. Plaintiff CARLOS DAVID GUTIERREZ re-alleges and incorporates by reference paragraphs 1 through 35, as though fully set forth herein.

37. The actions of defendants NANGLE, CASE and STACKHOUSE and DOES 1 to 5, as alleged herein, including but not limited to the unlawful search of Mr. GUTIERREZ's backpack without a warrant in violation of the Fourth Amendment were done with clear disregard for Mr. GUTIERREZ's rights. These defendants did not have reasonable suspicion to detain Mr. GUTIERREZ, probable cause to arrest him or a warrant to search him or his property and he did not consent to the search. In fact, he objected and protested the officer's actions and repeatedly advised them that he did not consent to being searched. The entire incident was captured on multiple cameras including the cameras located within and outside of the tint shop, Mr. GUTIERREZ's cell phone, and the officer's body worn cameras.

38. As a direct and proximate result of said acts and/or omissions by defendants, Plaintiff CARLOS DAVID GUTIERREZ seeks to recover special damages for having to post bail and retain counsel and general damages for past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

39. The aforementioned acts and/or omissions of said individual defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of CARLOS DAVID GUTIERREZ, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof against defendants NANGLE, CASE and STACKHOUSE and DOES 1-5.

## THIRD CLAIM FOR RELIEF

### "Bane Act"

### (California State Civil Code Section 52.1 et. seq.)

*Against NANGLE, CASE, STACKHOUSE, CITY OF SACRAMENTO and DOES 1-5*

40. Plaintiff CARLOS DAVID GUTIERREZ re-alleges and incorporates by reference paragraphs 1 through 39, as though fully set forth herein.

41. The actions of defendants NANGLE, CASE and STACKHOUSE and DOES 1 to 5, as alleged herein, including but not limited to the officers decision to detain Mr. GUTIERREZ without reasonable suspicion that he had committed a crime, search his backpack without a warrant, and to use

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Gutierrez v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

unreasonable force to detain and arrest Mr. GUTIERREZ were intentional, unreasonable and unlawful violations of the Fourth Amendment to the U.S. Constitution that also violated rights protected by the California State Constitution, specifically, the right to be free of unreasonable searches and seizures. Defendants' conduct is therefore actionable under California Civil Code Section 52.1 et seq, the "Bane Act."

42. As a direct and proximate result of said acts and/or omissions by defendants, Plaintiff CARLOS DAVID GUTIERREZ seeks to recover special and general damages, including recovery of all expenses related to the criminal prosecution and his incarceration by Defendants, and the mental and emotional distress that he has suffered as a result of this ordeal.

43. Defendant CITY OF SACRAMENTO is liable for the wrongful acts of defendants NANGLE, CASE and STACKHOUSE pursuant to California Government Code Section 815.2(a), which provides that a public entity is liable for injuries caused by its employees within the scope of employment if the employee's acts would subject them to liability.

44. The aforementioned acts and/or omissions of said individual defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of CARLOS DAVID GUTIERREZ, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof against defendants NANGLE, CASE and STACKHOUSE and DOES 1-5.

## FOURTH CLAIM FOR RELIEF
### Assault and Battery
### (California State Common Law)

*Against Defendants NANGLE and CITY OF SACRAMENTO and DOES 1-5*

45. Plaintiff CARLOS DAVID GUTIERREZ re-alleges and incorporates by reference paragraphs 1 through 43, as though fully set forth herein.

46. The actions of defendants NANGLE, and DOES 1 to 5, as alleged herein, including but not limited grabbing Plaintiff's wrist and applying a control hold without his consent during an unlawful detention, search and arrest were wrongful, intentional and unwelcome bodily contact, constituting battery. Mr. GUTIERREZ did not consent to being grabbed and forcibly removed from the tint shop.

47. As a direct and proximate result of said tortious acts and/or omissions by defendants, Mr.

GUTIERREZ suffered the injuries alleged herein, entitling him to damages for past and future mental and emotional distress.

48. The aforementioned acts and/or omissions of defendant NANGLE were willful, wanton, malicious and done with conscious disregard for the rights of Mr. GUTIERREZ, thereby entitling plaintiff to an award of exemplary and punitive damages against defendant NANGLE according to proof.

49. Defendant CITY OF SACRAMENTO is liable for the wrongful acts of defendant Officer NANGLE pursuant to California Government Code Section 815.2(2), which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject them to liability.

## FIFTH CLAIM FOR RELIEF
### False Arrest/False Imprisonment
### (California State Common Law)

*Against NANGLE, CASE, STACKHOUSE and CITY OF SACRAMENTO, DOES 1-5*

50. Plaintiff CARLOS DAVID GUTIERREZ re-alleges and incorporates by reference paragraphs 1-49, as though fully set forth herein.

51. Defendants NANGLE, CASE, STACKHOUSE and DOES 1-5, acting or purporting to act in the performance of their official duties as law enforcement officers falsely imprisoned Plaintiff by illegally restraining him by means of physical force, threat of force and/or arrest, physical barriers, and other means amounting to unreasonable duress. Defendants did not have reasonable suspicion that Plaintiff CARLOS DAVID GUTIERREZ had committed any criminal act, or probable cause to arrest Plaintiff.

52. Defendant CITY OF SACRAMENTO is indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of its employees acting within the scope of their employment.

53. Defendants NANGLE, CASE, STACKHOUSE and DOES 1 to 5's acts and/or omissions constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against the individual defendants according to proof.

54. As a direct and proximate result of said tortious acts and/or omissions by defendants,

plaintiff CARLOS DAVID GUTIERREZ suffered the injuries alleged herein, entitling him to special damages and general damages for past and future mental and emotional distress.

### SIXTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
### (California State Common Law)

*Against Defendants NANGLE, CASE, STACKHOUSE and CITY OF SACRAMENTO and DOES 1-5*

55. Plaintiff CARLOS DAVID GUTIERREZ re-alleges and incorporates by reference paragraphs 1 through 54, as though fully set forth herein.

56. Defendants NANGLE, CASE, STACKHOUSE and DOES 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in extreme and outrageous conduct, including unlawfully detaining, searching, arresting, and booking Mr. GUTIERREZ into jail knowing their conduct was unlawful. Mr. GUTIERREZ was also subjected to excessive force and battery when Officer NANGLE grabbed him and applied a control hold, even though Mr. GUTIERREZ posed no threat to officers and complied with their demands and the officers had no lawful reason to detain, search or arrest Mr. GUTIERREZ. As a result of the above outrageous conduct, Mr. GUTIERREZ suffered severe and extreme emotional and mental distress.

57. Defendant CITY OF SACRAMENTO is indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of its employees acting within the scope of their employment.

58. Defendants NANGLE, CASE, STACKHOUSE and DOES 1 to 5's acts and/or omissions constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against defendants according to proof.

59. As a direct and proximate result of said tortious acts and/or omissions by defendants, plaintiff CARLOS DAVID GUTIERREZ suffered the injuries alleged herein, entitling him to special damages and general damages for past and future mental and emotional distress.

### VII.   PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory, general, and special damages against each defendant, jointly and severally, as

10
**COMPLAINT; DEMAND FOR JURY TRIAL**
*Gutierrez v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

permitted by law and in the amount proven at trial;

2.     For punitive and exemplary damages against each individual defendant in an amount appropriate to punish that defendant and deter others from engaging in similar misconduct, as allowed by law;

3.     For an award of statutory penalties, pursuant to Cal. Civ. Code Section 52.1 and other statutes as may be applicable;

4.     For costs of suit and costs and reasonable attorneys' fees pursuant to Title 42 United States Code Section 1988, California Code of Civil procedure Section 1021.5, California Civil Code Section 52.1, and as otherwise authorized by law.

Dated: May 12, 2022					Respectfully Submitted,


					By: /s/ Robert Chalfant_____
					Robert Chalfant
					LAW OFFICE OF ROBERT CHALFANT
					Attorney for CARLOS DAVID GUTIERREZ

### VIII.     DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: May 12, 2022					Respectfully Submitted,


					By: /s/ Robert Chalfant_____
					Robert Chalfant
					LAW OFFICE OF ROBERT CHALFANT
					Attorney for CARLOS DAVID GUTIERREZ

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Gutierrez v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____