Robert Chalfant (State Bar No. 203051)
LAW OFFICE OF ROBERT CHALFANT
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone:     (916) 647-7728
Facsimile:      (916) 930-6093
Email:            robert@rchalfant.com

        Attorney for Plaintiff
        CARLOS DAVID GUTIERREZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DAVID GUTIERREZ<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, OFFICER JONATHON NANGLE, OFFICER MICHAEL CASE, OFFICER COREY STACKHOUSE, SERGEANT JOHN MORRIS, and DOES 1-4,<br><br>                    Defendants. | Case No. 2:22-cv-00802-KJM-JDP<br><br>**PLAINTIFF'S STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |

        Plaintiff CARLOS DAVID GUTIERREZ ("Plaintiff") submits the following "Statement of Disputed Facts" pursuant to Local Rule 260(b).

| ¶ | Plaintiffs' Undisputed Material Facts & Supporting Evidence | Defendants' Response |
|---|---|---|
| 1. | At the time that Mr. Gutierrez had entered the Tint Shop, Officers Nangle, Case and Stackhouse had not made contact with the driver of the vehicle.<br><br>Declaration of Robert Chalfant ("Chalfant Decl.") Exhibit ("Ex.") C, (Nangle Depo) at 31:2-5; Ex. D (Stackhouse Depo.) at 53:12-15. | |
| 2. | At the time that Mr. Gutierrez entered the Tint Shop, Officers Nangle, Case and Stackhouse had not stopped the vehicle and had not activated their vehicle's sirens, | |

1

| | | |
|---|---|---|
| | flashing lights, or done anything to signify they were stopping the vehicle. Chalfant Decl., Ex. C at 31:2-13; Ex. D at 53:18-25, 54:3-13; Ex. E (Sergeant Morris Transcript) at 18:5-7. | |
| 3. | At the time when Officers Nangle, Case and Stackhouse pulled their vehicle behind the vehicle that Mr. Gutierrez had exited, they had no information that anyone in the vehicle had committed a crime or done anything illegal.<br><br>Chalfant Decl., Ex. C at 31:14-25, 32:1-16; Ex. E at 18:8-12. | |
| 4. | After Mr. Gutierrez entered the Tint Shop, the officers drove their unmarked vehicle into the parking lot, parked their vehicle behind the Nissan and turned on their flashing lights.<br><br>Gutierrez Decl. at para. 6.Chalfant Decl., Ex. C at 29:14-24. | |
| 5. | After pulling behind the vehicle, Officer Nangle and Case exited their patrol car and ran into the business after Carlos Gutierrez. Officers Nangle and Case detained Carlos Gutierrez inside of the store.<br><br>Gutierrez Decl. at para. 3-6; Chalfant Decl., Ex. C at 32:25, 33:11-14; Ex. D at 60:18-22. | |
| 6. | Officer Nangle wanted Carlos Gutierrez to exit the store and talk to officers so he could "investigate what he was doing inside the store."<br><br>Chalfant Decl., Ex. C at 33:11-23. | |
| 7. | Officer Nangle knew that Carlos Gutierrez had the right to refuse consent and not speak with Officer Nangle.<br><br>Chalfant Decl., Ex. C at 33:24-25, 34:1 | |
| 8. | Carlos Gutierrez did not consent to being detained by Officer Nangle.<br><br>Chalfant Decl. Ex. C at 33:24-25, 34:1-24; Ex. D at 64:3-7; Decl. of Carlos Gutierrez at para. 8. | |

2

| 9. | Officer Nangle had made the decision that he was going to detain Carlos Gutierrez once Officer Nangle had walked into the store.<br><br>Chalfant Decl. Ex. C at 34:13-24. | |
|---|---|---|
| 10. | At the time Officer Nangle detained Carlos Gutierrez, he had no evidence that Carlos Gutierrez had committed a crime.<br><br>Chalfant Decl., Ex. C at 35:14-16. | |
| 11. | Officer Nangle had not seen the driver of the vehicle or Carlos Gutierrez doing what they describe as "furtive movements" inside of the vehicle where it appeared the occupants of the vehicle were moving items or exchanging contraband.<br><br>Chalfant Decl., Ex. C at 36:15-24, 37:2-8; Ex. D at 55:11-25, 56:1-8. | |
| 12. | Carlos Gutierrez was not on probation or parole on November 16, 2021.<br><br>Gutierrez Decl., para. 10; Chalfant Decl., Ex. C at 37:9-25; Ex. D at 60:10-15. | |
| 13. | Officer Nangle informed Mr. Gutierrez one minute into his interaction with him that he was going to search Mr. Gutierrez's backpack.<br><br>Chalfant Decl., Ex. C at 38:1-4. | |
| 14. | Officers Nangle, Case and Stackhouse all came together directly prior to searching Carlos Gutierrez's backpack and came to the decision that they had justification to search Carlos Gutierrez's backpack.<br><br>Chalfant Decl., Ex. C at 39:19-24. | |
| 15. | Carlos Gutierrez repeatedly informed Officers Nangle, Case and Stackhouse that he did not consent to a search of his backpack.<br><br>Chalfant Decl., Ex. C at 40:6-12; Ex. D at 64:8-10; Gutierrez Decl. at para. 11 and 12. | |
| 16. | Prior to searching Carlos Gutierrez's backpack, Officer Nangle and Officer Case went "hands on" with Mr. Gutierrez, | |

| | | |
|---|---|---|
| | grabbing him by the wrists and arms, and forcing Carlos Gutierrez to exit the store.<br><br>Chalfant Decl., Ex. C at 40:21-25; Ex. D. at 61:5-11; Gutierrez decl. at para. 7. | |
| 17. | Carlos Gutierrez was threatened with physical assault if he did not comply.<br><br>Chalfant Decl., Ex. C at 41:19-25, 42:1-6. | |
| 18. | After taking Carlos Gutierrez out of the building by grabbing him and pulling him, officers put Carlos Gutierrez in handcuffs and sat him on the curb.<br><br>Chalfant Decl., Ex. C at 42:13-22; Ex. D at 65:17-22. | |
| 19. | Officer Nangle had no evidence that Carlos Gutierrez had committed a crime prior to searching his backpack.<br><br>Chalfant Decl., Ex. C at 45:9-11. | |
| 20. | Carlos Gutierrez did not consent to his backpack being searched and repeatedly informed officers that he did not consent to being searched.<br><br>Gutierrez Decl. at para. 10 and 11. | |
| 21. | Officer Nangle and Officer Case searched Carlos Gutierrez's backpack by unzipping the closed main compartment.<br><br>Chalfant Decl., Ex. C at 45:12-24; Ex. D at 69:17-19. | |
| 22. | Officer Nangle never considered that he should seize the backpack and apply for a warrant to search the backpack prior to the search.<br><br>Chalfant Decl., Ex. C at 40:13-16. | |
| 23. | After searching Carlos Gutierrez's backpack, he was arrested and transported to jail.<br><br>Chalfant Decl. Ex. D at 76:15-18. | |
| 24. | Sergeant John Morris was the supervisor on scene during the incident on November 16, 2021. | |

4

| | | |
|---|---|---|
| | Chalfant Decl. Ex. E at 10:3-13. | |
| 25. | Sergeant John Morris was present at the scene of the incident within 3 minutes.<br><br>Chalfant Decl., Ex. E at 11:15-19. | |
| 26. | Sergeant John Morris never objected to the detention of Carlos Gutierrez, or to the search of Carlos Gutierrez's backpack.<br><br>Chalfant Decl. Ex. E at 37:15-25. | |
| 27. | Sergeant John Morris never objected to anything the officers were doing that day.<br><br>Chalfant Decl., Ex. E at 38:12-14. | |

Dated: February 20, 2023                    Respectfully Submitted,

By: /s/ Robert Chalfant_____
       Robert Chalfant
       LAW OFFICE OF ROBERT CHALFANT

       Attorney for Plaintiff
       CARLOS DAVID GUTIERREZ

**PLAINTIFFS' STATEMENT OF DISPUTED FACTS**
*Carlos David Gutierrez v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:22-cv-00802-KJM-JDP