SUSANA ALCALA WOOD, City Attorney (SBN 156366)
SEAN D. RICHMOND, Senior Deputy City Attorney (SBN 210138)
srichmond@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO, OFFICER JONATHON NANGLE (385), OFFICER MICHAEL CASE (667), and OFFICER COREY STACKHOUSE (1033), and SERGEANT JOHN MORRIS (3120)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DAVID GUTIERREZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO; OFFICER JONATHON NANGLE (385); OFFICER MICHAEL CASE (667); OFFICER COREY STACKHOUSE (1033); SERGEANT JOHN MORRIS (3120); and DOES 1 to 5,<br><br>Defendants. | Case No.:  2:22-cv-00802-KJM-JDP<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION OF ISSUES<br><br>Date:        March 31, 2023<br>Time:       10:00 a.m.<br>Courtroom: 3<br>Judge:      Hon. Kimberly J. Mueller |

I.

INTRODUCTION

Under the facts recited by Plaintiff in his moving papers, it would be conceded that his rights under the 4th Amendment would have been violated.  However, what is completely ignored and not even mentioned anywhere in Plaintiff's motion is the fact that the driver of the vehicle (Erika Ruvalcaba) in which Plaintiff occupied immediately prior to exiting the vehicle and hastily walking into the Tint Shop was on formal searchable probation.  (See Defendant's Separate Statement of Undisputed Facts (No. 9) in Support of Motion for

Summary Judgment. ECF No. 22-2). This is undoubtably a material fact that cannot be disputed that was completely omitted from Plaintiff's papers. The law is clear that any object in which a probationer has access to inside the compartment of a vehicle can be searched absent a search or arrest warrant. Thus, not only must Plaintiff's motion be denied as a matter of law, but the officers must be granted qualified immunity in applying the law to the facts herein.

## II.

## LAW AND ARGUMENT

### A. THE OFFICER DEFENDANTS DID NOT VIOLATE PLAINTIFF'S RIGHTS UNDER THE FOURTH AMENDMENT

The stop of Ms. Ruvalcaba's vehicle by the officer Defendants was made because she was on formal searchable probation at the time. (ECF No. 22-2). It was not because of the color of her hair or the way in which Plaintiff's seat back was reclined or how he was wearing his sweatshirt. Defendants fully briefed the legal basis for the detention of Plaintiff and the subsequent search of his backpack in their Memorandum of Points and Authorities in Support of Motion for Summary Judgment. (ECF No. 22-1). However, for sake of completeness and the ease of the Court, those arguments will be summarized herein.

1. Ms. Ruvalcaba Had Access To The Backpack Inside The Compartment of Her Vehicle And It Was Therefore Lawful For The Officers To Search It Without The Need For A Warrant

In *People v. Cervantes*, 11 Cal. App. 5th 860 (2017), which involved the search of a car with a probationer passenger, the California Court of Appeal held that:

> [A] vehicle search based on a passenger's [probation] status may extend beyond the [probationer]'s person and the seat he or she occupies, but is confined to those areas of the passenger compartment where the officer reasonably expects that the [probationer] could have stowed personal belongings or discarded items when aware of police activity. The searchable area includes items of personal property if the officer reasonably believes that the [probationer] owns the items or has the ability to exert control over them.

*Cervantes*, 11 Cal. App. 5th at 871 (citations and quotation marks omitted).  In *Cervantes*, San Diego Police officers stopped the defendant's car for driving with expired registration.  *Id.* at 862.  The defendant had a female passenger who the officers learned had a probation search condition and an outstanding felony warrant.  *Id.*  The officers searched the car and found illegal drugs and paraphernalia in a closed toiletries bag and an opaque drawstring backpack located in the backseat and also found additional drugs in the front center console.  *Id.*  The defendant driver moved to suppress the evidence on the grounds that the officers unlawfully searched bags in the backseat that contained male toiletries and clothing when the passenger on searchable probation was female.  *Id.*  The trial court denied the defendant's motion to suppress and he appealed arguing that the California Supreme Court case of *People v. Schmitz*, 55 Cal.4th 909 (2012) was inapposite.  *Id.* at 866.  The appellate court rejected the defendant's arguments and found that the policy justifications articulated in Schmitz, which involved the search of a car with passenger parolee, was sufficiently similar to apply it to instances involving a passenger probationer.

Considering the nature, proximity, and accessibility of the searched area to the parolee, the court observed that "a standard five-passenger automobile generally affords ready access to areas in both the front and the back seats." (*Schmitz, supra*, 55 Cal.4th at p. 925, 149 Cal.Rptr.3d 640, 288 P.3d 1259.) Recognizing that a parolee or probationer—"more than an ordinary passenger" (*ibid.*)—has "a heightened incentive to conceal or quickly dispose of incriminating evidence" (*ibid.*), the court observed that "an artificially narrow rule" that would limit a parole search to the front seat passenger's immediate seating area would allow a parolee to "frustrate a valid parole search simply by sitting in the front seat of the car and placing or discarding his belongings in the back" (*id.* at p. 926, 149 Cal.Rptr.3d 640, 288 P.3d 1259). The court explained that allowing searches of backseat areas accessible to front seat passengers would not offend "modern social conventions" (*id.* at p. 924, 149 Cal.Rptr.3d 640, 288 P.3d 1259) with regard to the driver's already-reduced expectation of privacy[.]

*Id.* at 869.

///

Additionally, in *Cervantes*, the court noted the state's interest in monitoring probationers:

> [J]ust as with parolees, the state has a substantial interest in monitoring probationers to prevent and detect recidivism. "[I]t must be remembered that 'the very assumption of the institution of probation' is that the probationer 'is more likely than the ordinary citizen to violate the law.'" (United States v. Knights (2001) 534 U.S. 112, 120, 122 S.Ct. 587, 151 L.Ed.2d 497.) "And probationers have even more of an incentive to conceal their criminal activities and quickly dispose of incriminating evidence than the ordinary criminal because probationers are aware that they may be subject to supervision and face revocation of probation, and possible incarceration...." (*Ibid.*)
>
> By extension, as with searches of parolees, an "artificially narrow rule" (*Schmitz, supra*, 55 Cal.4th at p. 926, 149 Cal.Rptr.3d 640, 288 P.3d 1259) restricting searches of probationers to their immediate seating area would allow probationers—who are as equally incentivized as parolees to conceal further criminal activity—to frustrate a valid probation search by placing contraband in the backseat or mere inches away in an adjacent center console. *Id.* at 871.

Here, Ms. Ruvalcaba was the driver and registered owner of the subject vehicle and on formal searchable probation. Unlike the facts in *People v. Cervantes*, which involved a passenger probationer, Plaintiff was the front seat passenger in Ms. Ruvalcaba's vehicle and not on searchable probation. A passenger who does not exercise control over the car "has no reasonable expectation of privacy in a car that would permit [his] Fourth Amendment challenge to a search of the car." *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir.2000). Based on the proximity of the Plaintiff and Ms. Ruvalcaba in the vehicle, there would have been ample opportunity and incentive to quickly dispose of incriminating evidence in the form of the stolen handgun. Indeed, officers observed Plaintiff seated in the front passenger seat quickly exiting Ms. Ruvalcaba's car into a tint shop with a backpack right after passing the officers' vehicle, which raised suspicions that the parties were trying to avoid law enforcement or remove something from the vehicle. When Officers Case and Nangle first approached Plaintiff in the store, they informed him they were detaining a probationer's car and that he had been observed by officers leaving her car with a backpack. Prior to the search of Plaintiff's backpack, Ms. Ruvalcaba told Officer Stackhouse that Plaintiff was "like [her] boyfriend", but that she did not know his last name. (ECF 22-2) She also told Officer Stackhouse that they

1  didn't have an appointment to get her windows tinted, which directly contradicted Plaintiff's
2  statements to officers that he had an appointment at the business and that he had never been
3  in Ms. Ruvalcaba's car. (*Id.*)  Based on the totality of circumstances, it was objectively
4  reasonable for officers to search Plaintiff's backpack based on his presence in a probationer's
5  vehicle where unlawful items could have been concealed upon becoming aware of police
6  activity.

7      2. As There Was No Violation of Plaintiff's Constitutional Rights, Sergeant Morris
8          Cannot Be Held Liable For Supervisory Liability

9      Plaintiff premises his claim for supervisory liability against Sergeant Morris on the alleged
10 violation of his Fourth Amendment rights, namely, that officers unlawfully detained, searched,
11 and arrested him without lawful authority.  As discussed herein the Defendant officers had
12 reasonable suspicion to detain Plaintiff and properly conducted a search.

13     To establish supervisory liability under 42 U.S.C. § 1983 there must be a showing of
14 personal participation by the defendant.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)
15 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead
16 that each Government-official defendant, through the official's own individual actions, has
17 violated the Constitution.").  "A supervisory official is liable under § 1983 so long as "there
18 exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a
19 sufficient causal connection between the supervisor's wrongful conduct and the constitutional
20 violation." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018).  "The requisite
21 causal connection can be established … by setting in motion a series of acts by others or by
22 knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or
23 reasonably should have known would cause others to inflict a constitutional injury." *Id.*

24     Here, it is undisputed that Sergeant Morris arrived at the officers' location shortly after
25 officers detained Plaintiff and that he was present for officers' search of Plaintiff's backpack.
26 However, as previously articulated, there was no violation of Plaintiff's Fourth Amendment
27 rights as defendant officers properly searched his backpack—a backpack that Ms. Ruvalcaba
28 had access to given that Plaintiff was a recent occupant in her vehicle, and which was abruptly

removed from the vehicle upon becoming aware of officers' presence.

## III

## CONCLUSION

For the reasons set forth herein and those cited in Defendants' Motion for Summary Judgment, Defendants hereby request that the instant motion be denied, and that Defendants' motion be granted and judgment be entered in favor of Defendants

DATED:  March 3, 2023                    SUSANA ALCALA WOOD,
                                         City Attorney


                                    By:     /s/ SEAN D. RICHMOND
                                         SEAN D. RICHMOND
                                         Senior Deputy City Attorney

                                         Attorneys for the
                                         CITY OF SACRAMENTO, OFFICER
                                         JONATHON NANGLE (385), OFFICER
                                         MICHAEL CASE (667), and OFFICER
                                         COREY STACKHOUSE (1033), and
                                         SERGEANT JOHN MORRIS (3120)

6
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY ADJUDICATION OF ISSUES
1255407