Robert Chalfant (State Bar No. 203051)
**LAW OFFICE OF ROBERT CHALFANT**
5701 Lonetree Blvd., Suite 312
Rocklin, California 95765
Telephone:    (916) 647-7728
Facsimile:    (916) 930-6093
Email:    robert@rchalfant.com

Attorney for Plaintiff
CARLOS DAVID GUTIERREZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DAVID GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO, OFFICER JONATHON NANGLE (385), OFFICER MICHAEL CASE (667), OFFICER COREY STACKHOUSE (1033), SERGEANT JOHN MORRIS and DOES 1 to 5,<br><br>Defendants. | Case No.  2:22-cv-00802-KJM-JDP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION.**<br><br>Date:        March 31, 2023<br>Time:        10:00 a.m.<br>Courtroom:  3<br>Judge:       Hon. Kimberly J. Mueller |

## I.    UNDISPUTED FACTUAL BACKGROUND

All of the facts set forth in Plaintiff's Separate Statement of Undisputed Facts are undisputed by Defendants. See ECF 26-1.

Plaintiff Carlos Gutierrez ("Plaintiff") was inside of the Tint Shop when first contacted by Defendant Officers. See Defendants' Response to Plaintiff's Statement of Undisputed Facts, ("RUMF") Nos. 1, 2, 4 and 5. Plaintiff was detained without his consent and without any facts or evidence that he had committed a crime or was engaged in criminal activity. See RUMF Nos. 3, 5, 8, 9, and 10.

Plaintiff was physically removed by use of force, without his consent, from the store.

1

RUMF Nos. 15, 16 and 18. Plaintiff was threatened with assault and was informed that he would "end up on the ground" if he "continued to resist" the unlawful detention and search. RUMF No. 17.

Plaintiff was informed that officers were going to search his backpack without his consent. RUMF Nos. 13, 14, and 15. Plaintiff was not on probation or parole at the time of the search. RUMF No. 12. Officer Nangle had no evidence that Plaintiff had committed a crime prior to searching his backpack. RUMF No. 19. Officers Nangle, Case and Stackhouse all agreed they could search Plaintiff's backpack. RUMF No. 14. Officer Nangle and Officer Case searched Plaintiff's backpack. RUMF No. 21.

Sergeant Morris was the supervisor on scene, was present throughout the incident and failed to object to the detention or search of Plaintiff. RUMF Nos. 24-27.

## II.     LAW AND ARGUMENT

### 1.     Plaintiff was Unlawfully Seized by Officer Nangle and Officer Case in Violation of The Fourth Amendment.

The parties agree that officers must have reasonable suspicion that an individual is engaged in criminal activity prior to detaining that individual. See ECF No. 22-1, at 12:1-3. It is undisputed that Defendants did not have a "particularized and objective basis" that Plaintiff was engaged in criminal activity at the time of his detention. RUMF Nos. 3, 6 and 10. Instead, Defendants argue in opposition that simply having been seen in the vehicle of an alleged probationer provided justification for the detention, arrest, use of force and search of Plaintiff. See Opposition to Plaintiff's Motion for Summary Adjudication, ECF No. 26, at page 1:24-27. There is no federal or state law authority that supports such a wholesale abandonment of Plaintiff's, or other innocent individuals, Fourth Amendment rights.

It is important to point out that Defendants have not offered any admissible evidence that Ms. Ruvalcaba, the alleged probationer, was on formal searchable probation and that her terms of probation included search and seizure conditions. See Plaintiff's Response to Defendant's Separate Statement of Facts (ECF No. 25-1), No. 9 (Plaintiff objected under F.R.C.P 56(c)(2) that the fact was not supported by admissible evidence and on hearsay grounds).

2

Assuming, *arguendo*, that Ms. Ruvalcaba was on searchable probation, it is not a crime in California to ride as a passenger in a probationer's vehicle. If mere prior presence with a probationer was enough to justify a detention and search in a public store, it would gut the Fourth Amendment and eliminate the requirement of reasonable suspicion for a detention. Officers could simply stalk probationers and their passengers and subject them to humiliating and degrading seizures and searches, like the one here involving Plaintiff, just because they associated with someone who was on probation.

Defendants' only citation to authority that would justify a detention, arrest, use of force and search is one state law case, *People v. Cervantez*, 11 Cal.App.5th 860 (2107). This case does not offer any support for the proposition that an individual that had exited a probationer's vehicle prior to the vehicle being stopped by law enforcement, can be detained against their consent in a public building where they are lawfully present. *Cervantez* does not offer any support for Defendants' assertion that officers can threaten Plaintiff with Fourth Amendment violations (See RUMF No. 13 and 17), use force against Plaintiff, drag him from the store he is in, place him in handcuffs and sit him on a curb and search his backpack without his consent.

Plaintiff's Motion for Summary Adjudication should be granted as to Plaintiff's First Cause of Action alleging an unlawful seizure (detention and arrest) under the Fourth Amendment.

**B.    Plaintiff Was Unlawfully Searched By Officer Nangle**

Again, the sole authority cited as justification for the detention, arrest, use of force and search of Plaintiff is *People v. Cervantez*, 11 Cal.App.5th 860 (2017). That case does not applu on these facts to justify the warrantless search of Plaintiff.

*Cervantez* simply stands for the proposition that under state law, officers may conduct a limited search of a *vehicle* based upon a passenger who is confirmed to be on searchable probation. Id. at 862-863. In order to reach that conclusion, the state appellate court first applied the relevant legal principle that a "warrantless search is unreasonable under the Fourth Amendment unless it is conducted  pursuant to one of the few narrowly drawn exceptions to the constitutional requirement of a warrant." Id. at 867; Citations omitted. The Court in *Cervantes* held that a "*vehicle search* based on a passenger's [probation] status may extend beyond the

3

[probationer]'s person and the seat he or she occupies," but is "confined to those areas of the *passenger compartment* where the officer reasonably expects that the [probationer] could have stowed personal belongings or discarded items when aware of police activity." Id. at 840; Italics added.

It is undisputed that Plaintiff was not detained in a vehicle. RUMF No. 1 and 5. Defendants never stopped the vehicle, or indicated an intent to stop the vehicle, while plaintiff was riding in the vehicle as a passenger. RUMF Nos. 2 and 4. Plaintiff entered the store wearing his backpack and the backpack was not searched as part of a search of the vehicle. See Declaration of Carlos Gutierrez filed in Support of Motion, and Exhibit A attached thereto.

The limited and narrow *vehicle* search exception to the warrant requirement does not justify a search of Plaintiff's person and belongings in this case as he and his belongings were not searched pursuant to the vehicle search exception.

Under federal law, the right to conduct a probation or parole search is not unlimited and excludes items *in the vehicle* that obviously belong to persons not on probation or parole. In *United States v. Mataafa*, 2008 U.S. Dist. LEXIS, at *3 (E.D. Cal. Dec. 1, 2008), the Court held that a male driver's parole status did not authorize the search of a purse left in the backseat. Id. The Ninth Circuit has recognized that a purse owner has a reasonable expectation of privacy in the contents of their purse. Id.; citing *United States v. Welch*, 4 F.3d 761, 764 (9th Cir. 1993).

The same analysis applies to backpacks as they are "so closely associated with one's person that a search of them must be supported by a warrant which satisfies the particularity requirement, or by one of the exceptions to the warrant requirement." *United States v. Robinson*, 833 F.2d 777, 784 (9th Cir. 1987).

In *Robinson*, a warrant authorized the search of a residence as well as vehicles. Id. at 783. The individual challenging the search of her backpack was an individual who had just exited the residence to be searched and where the officers "had probable cause to believe that criminal activity was afoot." Id. at 784. The officers had no indication that the individual was a person with a criminal history or posed a threat to officers. Id. The Court found that officers lacked a warrant and none of the exceptions to the warrant requirement applied to support a search. Id. The

4

Court stated that if "the officers had probable cause to believe that the backpack contained contraband, they should have obtained a warrant which described the backpack and which would have authorized a search of its contents." Id. at 786; Citing *Arizona v. Hicks*, 480 U.S. 321 (1987). The failure to secure a warrant violated the Fourth Amendment.

Defendants are asking this Court to create a new exception to the warrant requirement that allows them to search any individual previously seen in the presence of a probationer on the baseless assumption that illegal contraband may have been exchanged. That exception does not exist under federal law.

Plaintiff's Motion for Summary Adjudication as to his Second Cause of Action alleging an unlawful search should be granted as his Fourth Amendment rights were violated by the lawful warrantless search of his backpack.

**C.    Summary Adjudication is Proper as to Plaintiff's Supervisory Liability Claim Against Sergeant Morris**

Sergeant Morris was present throughout almost the entire incident, and failed to object to anything his subordinates were doing. See SSF Nos. 24- 27.

Plaintiff's Motion for Summary Adjudication should be granted as to Plaintiff's Third Cause of Action alleging Supervisory Liability against Sergeant Morris.

## III.    CONCLUSION

Plaintiff respectfully requests that Plaintiff's Motion for Summary Adjudication be granted in its entirety.

Dated: March 4, 2023

LAW OFFICE OF ROBERT CHALFANT

By: /s/ Robert Chalfant_____
       Robert Chalfant

       Attorney for Plaintiff
       CARLOS DAVID GUTIERREZ

5